### RAGUET'S HEIRS vs. BARRON.

6NS 697
117 629

APPEAL from the court of probates of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. The defendant purchased immoveable property at the sale of the estate of the ancestor of the plaintiffs. The term of the sale were one and two years credit in notes satisfactorily indorsed, with special mortgage until final payment.

Co-heirs of a minor, under the pre-existing law, might be members of a family meeting

Having failed to comply with his agreemen a rule was taken on him to shew cause why he

should not be compelled to perform it, to which he answered, that the family meeting, in virtue of whose deliberations the property had been directed to be sold, was composed of relations who had an interest in the matter on which they decided; that the sale was, consequently, made without the legal formalities, and the title to the respondent defective.

The court confirmed by its decree the correctness of the defence, and the plaintiffs appealed.

Before noticing the merits, an objection made by the plaintiffs must be disposed of. They contend the court of probates had no jurisdiction of the matter; that it was through error they went there; and, that the defect being one *ratione materiæ*, consent cannot cure it.

We think the plaintiffs were right in their first opinion on this subject, and wrong in their second. The court of probates has jurisdiction to compel purchasers to make their contract complete by affixing their signatures and giving their note. The plaintiffs have argued this point as if the defendant had accepted the title, given his obligations, and that this was an action to enforce their payment, when the application is merely to make the contract, which

was inchoate by the bidding, complete by exe-
cuting the writings necessary to render it so.—

Eastern Dist,
*April*, 1828.

RAGUET
*vs.*
BARRON.

The court having power to order the sale,
has, as a necessary incident, the power to
make these sales in a legal manner.

The family meeting was composed, in part'
of co-heirs of the minor; and it is contended,
that as they were joint proprietors with her,
they could not legally deliberate and decide on
the propriety of selling the property.

This case arose previous to the late act of
the legislature on this subject, and must be de-
cided by the law as it then stood.

That law contained no positive provision
which excluded the nearest relations who are
joint owners with the minor. But the appel-
lee contends there exists one in the reason of
the thing; that those who have an interest in
the property cannot be impartial judges of the
propriety of selling it, because their opinion
must be more or less influenced by the consid-
eration of the effect the sale will have on their
own interests.

We were struck on the argument with the
force of the objection, but our reflections since,
have much weakened the influence we were
at first disposed to give it. The law having

declared that heirs either major, or minor, can-
not be compelled to remain owners in com-
mon it follows they cannot be influenced by the
desire to retard or hasten the partition, for they
have no power over it. In the manner in
which the partition should be made they seem
to be equally without an avderse interest to the
minor, for if that property is to be divided in
kind, whatever influence the division may
have on a portion of the property partaken it
will have on the other, more particularly as
the lots must be drawn for, and chance decides
to which of the heirs each lot must fall. If on
the contrary it is to be sold together, all would
share alike in the profit or the loss arising from
the sale. There is then no conceivable interest
in the heirs of full age giving false and pernicious
advice except that suggested by counsel in the
written argument, that being owners in part,
hey might be anxious to sell because they could
buy to more advantage than strangers, who
would be obliged to furnish the whole price of
the property, while they would only have to
pay that portion of which they were not own-
ers. But the interest is so remote and uncer-
tain, where the sale is to be made on credit,
that we cannot, on that ground, pronounce the

incompetency of the co-heirs to form a family meeting.

The late act of the legislature, excluding persons such as those who formed the family meeting in this instance, strengthens this conclusion. If the law, previous to its passage, was as it is contended by the appellee, the act was vain and unnecessary. It is true that the introduction of a provision by statute in this country, is not, as has been properly urged, conclusive evidence that the law, previous to the enactment, was otherwise, but in doubtful cases it creates a presumption it was so, and the weight which properly belongs to the presumption, cannot be disregarded by a court of justice.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided and reversed: And it is further ordered, adjudged, and decreed, that the defendant do, within ten days from the rendition of this judgment, comply with the contract entered into by him in bidding for the property at the sale of the estate of the ancestors of the plaintiffs, or, that in default thereof, a writ of destringas issue to compel him there-

Eastern Dist.
*April*, 1828.

RAGUET
*vs*
BARRON.

to; and it is further ordered, that he pay costs in both courts.

*Seghers* for the plaintiffs, *Pierce* for the defendant.